Judoe Simpson
delivered the opinion of the Court.
Weiler & Co., brought three suits before the Police Judge of Frankfort, (who has the same jurisdiction in civil cases that justices of the peace have,) against the plaintiff in error, and recovered judgments against him in all of the cases; from which he took an appeal to the Franklin Circuit Court.
One of the suits was brought on 'an account for various articles of clothing sold by Weiler & Co., to the plaintiff in error; the other two were for demands they had against him growing out of an agreement by which he undertook to sell for them a boat load of coal. One of them being for the price of some of the coal that he had kept for his own use, the other for money he had collected for them, for coal sold by him to other persons.
A motion was made in the Circuit Court, on behalf of the plaintiff in error, to compel Weiler &. Co., to consolidate their causes of action in the three cases, and the motion was overruled. A motion was also made upon the trial of each of the cases, they having been tried separately, to dismiss the suits for want of jurisdiction in the Police Judge, upon the ground that *187 the three accounts constituted but one cause of action, and as they amounted in the aggregate to a sum exceeding one hundred dollars, the Circuit Court, and not the Police Judge had jurisdiction, which motion was also overruled. The plaintiff in error attempted to introduce and rely upon the same matter during the progress of the trial before the jury, but the Court would not permit it to be done. The propriety of the action of the Circuit Court upon these matters is the question presented in these cases. ,
The general rule is that where a party has two or more causes of action which may be joined, he ought so to proceed, and if he bring more than one the Court will compel him to consolidate: \1 Chit. Plead. 228) This rule, however, will not be enforced where it would change the jurisdiction.
A plaintiff will not be allowed lo divide his cause of action, and bring two suits instead of one.
As a general rule a plaintiff who has two or more causes of action which may be joined in one action, ought so to proceed, and if he brings more actions than one, the Court will compel him to consolidate them ; 1 Chitty’spleadings, 228. This rule should not however be applied to suits brought in Courts whose jurisdiction is limited to a certain' sum, because its effect might be, by uniting two causes of action in one suit, to take away the jurisdiction of the Court.
One of these suits, being the one on the account for clothing furnished, was brought on a cause of action entirely distinct from, and having no connection with, the cause of action in the other two cases. .As it was founded on a separate cause of action, and was for a sum of which the Police Judge had jurisdiction, there was no error so far as it was concerned, in the proceedings of the Court below.
But a plaintiff is not allowed to divide a single cause of action, and to bring two suits instead of one. The demands arising out of the boat load of coal originated in the same transaction, grew out of one contract, and constituted but a single cause of action, upon which two suits cannot be allowed. As well might a mei-chant whose account for goods sold and delivered against one of his customers, exceeded fifty dollars, divide his account into two or more parts, so as to reduce each one to a sum of which a justice of the peace had jurisdiction, and bring separate suits on his account thus divided. The law discountenances multiplicity of *188 suits, and' will not tolerate a practice which might lead' to- unnecessary and oppressive litigation.
Hewitt and Craddock for plaintiff; Harlan for defendant.
As the demands against the plaintiff in error in relation to the boat load of coal, formed but one cause of action, and amounted to a sum when combined of which the Police Judge had no jurisdiction, Weiler & Co., Were not entitled to a judgment against him, in the two suits instituted upon those demands.
Wherefore the judgment is affirmed in the case first mentioned, and the judgments in the other two cases are reversed, and cause remanded with directions to set aside the verdicts and judgments, and for further proceedings consistent with this opinion.