SOLOMON MERCER, ET AL., v. HUBBARD CONKLIN.

**Res Adjudicata—Damages.**

> Where one sues for damages for breach of contract, and during the
> trial dismisses his suit as to certain claims made, but secures a judg-
> ment for some damages, he cannot afterward bring another action for
> a breach of the same contract to recover for damages. The first judg-
> ment is a bar of the second suit. One cannot split up his cause of ac-
> tion for damages.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

November 20, 1877.

OPINION BY JUDGE ELLIOTT:

This action was brought upon the following covenant, to-wit:
"I, William H. Conklin, propose to put up a sawmill near Wm.
Eveleigh's mill and cut 250,000 feet poplar and walnut lumber on
these conditions: I must be secured in the payment of the first
50,000 feet poplar lumber at 60 cents per 100 feet, balance of the
amount above stated on the shares or one-half for the other logs to
be delivered convenient to my mill yard or pay me to draw up those
in mill pond, logs to make the amount above stated to be furnished
as fast as needed to be sawed.

"I would expect to commence sawing by the first of June, provided
those conditions are complied with. I would require those furnish-
ing timber to assist me in hauling my mill from Clifty Bridge to this
place. We agree to furnish the logs annexed to our names and pay
by the hundred the amounts annexed.

"Solomon Mercer, 300, $90.00."

This covenant bears date, May the 4th, 1871.

Some time afterwards, Solomon Mercer, one of the appellants,
sued appellee for a breach of the foregoing covenant. He alleged
that at the time that he signed the covenant he was the owner of
about ninety saw logs then tied up in the mill pond of Mr. Eveleigh,
on the bank of which appellee had erected his mill. He states that
by express agreement these logs were to be considered a part of the
three hundred which he had covenanted to deliver, and that appellee
was to haul them up his logway at appellant's expense and saw them
into lumber, but that in violation of his contract he had only sawed
up a part of the poplar logs, leaving all the walnut and ash lumber
in the creek, about fifty logs in all, until in June, 1872, they were
swept away by a freshet in the creek.

Defendant answered and denied that the logs of the appellant ly-

ing in the mill pond made-up any part of the three hundred he was to saw for him, and also set up the fact that while the logs were in the mill pond an execution had been levied on them, and they had been sold in satisfaction of a judgment debt against appellant, Solomon Mercer, and purchased by E. H. Mercer, to whom they then belonged, and not being the property of Solomon Mercer he would not have been authorized to take them and saw them into lumber.

The parties went to trial on this issue, and at the close of the evidence the court instructed the jury, in effect, that the logs that had been carried away by the freshet were the property of E. H. Mercer, and thereupon appellant, Solomon Mercer, dismissed his suit as to those logs, and afterwards brought this suit. In his first he recovered four or five dollars in damages, and the appellee pleads and relies upon the payment in the first action in bar of this suit.

The first suit brought by Solomon Mercer was for a breach of covenant by appellee, and it is not contended that the appellee has broken the covenant since he was first sued, and we are of opinion that the appellant, Solomon Mercer, could neither split up his cause of action by bringing suit for a part of it, nor could he dismiss his suit as to a part of his cause of action and proceed to judgment on the balance, and then turn around and bring a new suit on that part of his cause of action that he had refused to litigate; and we are also of opinion that appellant, Solomon Mercer, was the owner of the logs lying in the mill pond, his brother having bought them under the execution sale for him.

In *Powell v. Weiler & Co.*, 11 B. Mon. 186, this court decided that a party could not split up his cause of action. In that case two suits were brought for the breach of the same contract and separate damages claimed, and this court decided that it could not be done, but that all the damages resulting from the breach of the same contract must be embraced in one action. It was therefore the duty of appellant to claim all the damages which he had sustained by appellee's breaches of the covenant sued on in his first action, and if the court erroneously ruled against him as to part of his cause of action he should have appealed from the decision, instead of dismissing his suit, and having failed to do so, the verdict and judgment in his first suit is a bar to the present action.

Wherefore the judgment is *affirmed.*

*G. W. Williams, for appellants. Kinchloe & Eskridge, for appellee.*